### SPEAR v. AMERICAN SERVICE UNION.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. FRATERNAL SOCIETY—AGREEMENT TO PAY MEMBER'S DUES—DEATH OF MEMBER—RIGHTS OF PARTIES.

From 1896 to 1901, decedent had paid to defendant $84 a year, under a contract whereby defendant was to pay his dues in a fraternal society. In April, 1901, decedent returned the contract for cancellation, and defendant then promised to disburse for him $186 in payment of dues, which at the then rate of assessment would pay them up to May, 1907. Decedent died in October, 1901, at which time defendant had only paid out $20 under the second contract. It did not clearly appear whether decedent had actually paid to defendant the amount which it had agreed to pay for him or not. *Held*, that a judgment for defendant, in an action by decedent's personal representatives to recover the difference between the $186 and the amount paid out, was proper.

Appeal from special term, Kings county.

Action by Maude R. Spear, as executrix of Arthur H. Spear, deceased, against the American Service Union. Judgment dismissing the complaint on the merits after trial, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William E. Warland, for appellant.
Edward S. Peck, for respondent.

WILLARD BARTLETT, J. The plaintiff sought to recover $171.03 from the defendant as a balance of money had and received from her intestate during his lifetime. From 1896 to 1901, Arthur H. Spear, the plaintiff's intestate, had paid to the defendant $84.30 a year under a contract whereby the defendant agreed to pay his dues in the fraternal benefit organization known as the Royal Arcanum. In April, 1901, Mr. Spear returned this first contract to the defendant for cancellation; and the defendant then promised to disburse for him in the payment of his Royal Arcanum dues, as the same became due and payable from month to month, $186.55, which at the rate of assessment for such dues which then prevailed would pay the dues of Mr. Spear in the organization up to May 30, 1907. Mr. Spear died on October 24, 1901, up to which time defendant had paid out for his dues in the Royal Arcanum under this second contract the sum of $20.18; and Mr. Spear's administratrix now sues for the difference between that amount and the sum of $186.55, which the defendant undertook to pay in his behalf to the Royal Arcanum between the date of the second contract, April 13, 1901, and May 31, 1907.

In the brief for the appellant the suit is treated as an action for money had and received. It is argued that the second contract terminated at the time of Mr. Spear's death, and that the defendant, having received from him a larger sum than it has disbursed on his account, is legally obligated to pay the difference to the representatives of his estate. There would be much force in this contention if it distinctly appeared that the plaintiff's intestate had ever paid to the defendant the sum of money which it undertook to pay on his account to the Royal Arcanum. Neither of the contracts, however, between Mr. Spear and the defendant, appears in the record before us. We can only infer what they were from the statements in the pleadings and the proof upon the trial, which was wholly documentary. Although, of course, it is highly improbable that the defendant would have entered into an agreement to pay out money in Mr. Spear's behalf without having received some money from him for that purpose, the evidence actually given leaves us in the dark on that subject; and we cannot say that the consideration for the second contract may not have consisted wholly in the relinquishment of the first contract, and that the causes which moved the defendant to enter into it may have been other than pecuniary. In brief, the evidence was too meager to warrant a finding by the trial judge that the defendant had received from the plaintiff's intestate the moneys sought to be recovered in this action. Upon the proof,

therefore, the case was properly decided, and it follows that the judgment must be affirmed.

Judgment and order affirmed, with costs. All concur.